UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RUBY KENNEDY                                                                                        PLAINTIFF

V.                                                                      CIVIL ACTION NO. 3:07CV695 DPJ-JCS

SAFEWAY INSURANCE COMPANY                                                                  DEFENDANT

## ORDER

This insurance coverage dispute is before the Court on Defendant Safeway Insurance Company's Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment [67, 71]. The Court, having fully considered the parties' submissions and the applicable law, finds that Defendant's motion should be granted.[1]

**I.      Facts/Procedural History**

According to the Complaint, a motor vehicle owned by Plaintiff Ruby Kennedy and driven by her teenage daughter Ivy Kennedy was involved in an accident on January 19, 2007. Ivy Kennedy was "shaken up," the vehicle was destroyed, and other individuals involved in the accident made claims against the Kennedys. Plaintiff asserts that the vehicle was insured by Defendant Safeway Insurance Company ("Safeway") under policy number 1058709-MS-PP-004. Safeway denied the claim, however, contending that Plaintiff's insurance application failed to disclose her teenage daughter as an insured driver.

The subject policy was not the first Safeway policy to cover this vehicle. According to Plaintiff, her husband first obtained coverage in 2003, submitting an application to Safeway that listed all of the household members, including Ivy Kennedy, then fourteen (14) years of age.

---

[1]Plaintiff has appealed the magistrate judge's denial of her request for additional discovery, but her attorney informed the Court in a telephonic status conference that the discovery would not impact the present motion.

Although identified in the application for the 2003 policy, the children were listed–by name–on the Declarations Page as being *excluded* from coverage. In 2005, the 2003 policy lapsed "because either Larry Kennedy forgot to pay the monthly premium or was in the process of obtaining insurance from another company." Plaintiff's Response [79] at 2. Plaintiff claims that Safeway refused to reissue a policy to her husband, but that Safeway would issue a policy in her name. Plaintiff and her husband apparently planned to meet with the agent to complete the paperwork at the Policy Center of Jackson ("Policy Center").

Having arrived first, Mr. Kennedy completed the paperwork for his wife's signature. Mr. Kennedy testified that the agent merely told him to fill out the forms without explanation. Defendant's Rebuttal at Ex. "P" (Larry Kennedy Depo. at 96-97). Mr. Kennedy first filled out what the Policy Center referred to as a "Blue Form." That document asked the applicant to identify "[o]ther household members including myself." Defendant's Motion at Ex. "C." Mr. Kennedy listed the Plaintiff (who was to be the named insured) and himself as the sole household members. The response failed to mention Ivy Kennedy or the two other licensed children who also resided in the Kennedy household. The Blue Form also included the following warranty: "I certify that the above information is true and correct to the best of my knowledge and understanding." Plaintiff signed this short and unambiguous form.

Plaintiff also signed a Safeway Policy Application that her husband had completed. That form likewise sought the name of household members in unambiguous terms, but the Kennedys excluded any mention of Ivy Kennedy or the other licensed children/household members. This despite the following emphasized language in Section 4:

> APPLICANT WARRANTS THAT ALL REGULAR, FREQUENT DRIVERS, AND/OR RESIDENTS OF THE HOUSEHOLD FOURTEEN (14) YEARS OF AGE OR OLDER ARE LISTED BELOW WITH THEIR NAMES AND DATES OF BIRTH EVEN IF NOT AN OPERATOR (INCLUDING STUDENTS AND MILITARY PERSONNEL)

*Id*. at Ex. "B." The warranty in Section 4 appeared in a separate box that required a separate signature from the applicant. There is no dispute that Plaintiff signed the box. Like the Blue Form, the Safeway Policy Application also warranted that the information Plaintiff provided was true and accurate. Finally, Section 11 of the application stated, "I agree if such information is false, or misleading or would materially affect acceptance of the risk by Company . . . that such policy will be null and void and no coverage shall be afforded." *Id*.

Safeway underwrote the risk based on the information Plaintiff provided and bound coverage. According to Safeway's unrebutted record evidence, the addition of Ivy Kennedy to the policy would have increased the premium from $787.00 to $1,454.00. *Id*. at Exs. "E" and "I." The policy was thereafter renewed on several occasions prior to Ivy Kennedy's accident. Each renewal included a Declarations Page that listed only Plaintiff and her husband as insured drivers. *Id*. at Exs. "D" and "F." Although the Notice of Renewal requested updated information, Plaintiff never identified her children as household members or insured drivers.

Finally, although Plaintiff denies having received a copy of the policy, the policy itself stated the following:

> The statements made by **you** in the application are deemed to be warranties. Any false or misleading information provided by **you** on the application to us which materially affects the acceptance or rating of the risk by us, by either direct misrepresentation, omission, concealment of facts or inconsistent statements, will result in **your** policy being null and void from its effective date. This paragraph shall also apply to misstatement of use and omission of fact. We do not provide coverage for any **insured** who has made fraudulent statements or engaged in

> fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

*Id.* at Ex. "A."

Following the accident, Safeway denied Plaintiff's claim due to the alleged concealment/misrepresentation. On November 5, 2007, Plaintiff filed suit in the Circuit Court of Hinds County, Mississippi, seeking contractual and punitive damages. The case was removed and is now subject to a fully briefed motion for summary judgment.

## II.  Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)

(en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

**III.     Analysis**

Mississippi substantive law applies in this diversity action. *Nationwide Mut. Fire Ins. Co. v. Melton,* 204 F.3d 1116, 1999 WL 1328133 (5th Cir. 1999) (unpublished table decision). "In Mississippi, a material misrepresentation in an application for an insurance policy allows the insurer to void or rescind the policy." *Wilson v. State Farm Fire and Cas. Co.*, 761 So. 2d 913, 917 (Miss. Ct. App. 2000) (citing *Coffey v. Standard Life Ins. Co.*, 120 So. 2d 143, 148-49 (Miss. 1960)); *see also Dukes v. S.C. Ins. Co.*, 590 F. Supp. 1166, 1168-69 (S.D. Miss. 1984), *aff'd,* 770 F.2d 545 (5th Cir. 1985); *Sanford v. Federated Guar. Ins. Co.*, 522 So. 2d 214, 217 (Miss. 1988); *Colonial Life & Accident Ins. Co. v. Cook*, 374 So. 2d 1288, 1292 (Miss. 1979); *Tolar v. Bankers Trust Sav. & Loan Assn.*, 363 So. 2d 732, 735 (Miss. 1978); *Prudential Ins. Co. of Am. v. Estate of Russell*, 274 So. 2d 113, 116 (Miss. 1973); *Cas. Reciprocal Exch. v. Wooley*, 217 So. 2d 632, 635-36 (Miss. 1969).

The party seeking to void the insurance contract must establish the existence of a factual misrepresentation and its materiality by clear and convincing evidence. *See Carro v. Metro. Ins. & Annuity Co.*, 166 F.3d 802, 805 (5th Cir. 1999). "To establish that, as a matter of law, a material misrepresentation has been made, the insurance application must contain answers that are false, incomplete, or misleading, and such answers must be material to the risk insured

against or contemplated by the policy." *Great Lakes Reins. (UK), PLC v. Durham Auctions, Inc.*, Civil Action No. 1:07cv460HSO-JMR, 2008 WL 872278, at *4 (S.D. Miss. Mar. 27, 2008) (citing *Carro*, 166 F.3d at 805).

> A misrepresentation in an insurance application is material if knowledge of the true facts would have influenced a prudent insurer in determining whether to accept the risk. Stated differently, a fact is material if it might have led a prudent insurer to decline the risk, accept the risk *only for an increased premium*, or otherwise refuse to issue the exact policy requested by the applicant.

*Id*. (emphasis added).

In this case, there is no dispute in the record that (1) the Blue Form and the Safeway Policy Application requested the names of all household members; (2) Plaintiff failed to list Ivy Kennedy or her siblings on either form; (3) neither Ivy Kennedy nor her siblings appeared in the Declarations Page of the policy; and (4) had the teenager been identified, the premium would have been higher.

Plaintiff does not appear to contest that a material omission occurred, and even her expert concedes that disclosure of a teenage driver might affect premiums. Plaintiff's Response [79] at Ex. "D."[2] Instead, Plaintiff resists summary judgment with a variety of arguments, the most prominent of which is that she "did not attempt or intend to make misrepresentations to Defendant or to obtain insurance coverage by fraudulent means." *Id*. at 6; *see also Id.* at 7-8, 12. This argument is a non-starter because it is well settled that Plaintiff's intent is irrelevant. As stated in *Nationwide Mutual Fire Insurance Co. v. Dungan*, "Where there is proof that the

---

[2]Safeway moved to strike Plaintiff's expert. Portions of the expert's report clearly conflict with long-standing Mississippi law (discussed below). While the Court could strike much of the report, the Court finds it unnecessary as the report is not entirely objectionable and the non-objectionable portions do not create a jury question. The Court will give the report such weight, if any, as it deserves.

application contains material misstatements of fact, as here, there is no requirement that the insurance company prove intent to misrepresent material facts on the part of the insured." 634 F. Supp. 674, 681-682 (S.D. Miss. 1986) (citing *Dukes*, 590 F. Supp. at 1169). Moreover,

> [i]t is the universal rule that any contract induced by misrepresentation or concealment of material facts may be avoided by the party injuriously affected thereby. If the applicant for insurance undertakes to make a positive statement of fact, if it be material to the risk, such fact must be true. It is not sufficient that he believes it true, but it must be so in fact, or the policy will be avoided. Provided, always, that the misstatement be about a material matter. If the applicant is not informed as to any question asked in the application, he should so state, and there can be no misrepresentation.

*Dukes*, 590 F. Supp. at 1168 (quoting *Fid. Mut. Life Ins. Co. v. Miazza*, 46 So. 817, 819 (1908)).

The *Dukes* court further held:

> Because no genuine issue of a material fact remains, the Plaintiff's suit must fail in that the policy of insurance should be declared *void ab initio*. This is simply a general principle of contract law which the special nature of insurance contracts does not alter. The parties entered into this contract under a mistake of fact. Had that mistake been shown the insurance company would not have written the policy. Whether the fact was intentionally or unintentionally misstated by the Plaintiffs is unimportant.

590 F. Supp. at 1169 (citing *Dungan*, 634 F. Supp. at 681-82). This is the precise issue before the Court; Plaintiff's intent is therefore irrelevant. *See also Melton*, 1999 WL 1328133, at *2 (holding that material misrepresentation in application voids policy "whether the applicant intentionally or knowingly made the misrepresentation").

Plaintiff also makes much of the fact that her husband had previously obtained coverage for this same vehicle from Safeway, that he wanted the same coverage, and that he had previously identified the children when first obtaining coverage. Plaintiff's Response [79] at 6. This argument fails on multiple levels. First, although it is factually true that the application for

7

the previous policy identified Ivy Kennedy and her brothers as living in the household, the policy listed the children–by name–as being *excluded* from coverage. The policy listed only Plaintiff as an additional insured on her husband's 2003 policy. Defendant's Reply at Ex. "M." Thus, to the extent Plaintiff claims that she applied for a policy providing the same coverage as the lapsed 2003 policy, that is what she obtained. For this same reason, the Court must reject Plaintiff's argument that the previously provided information placed Safeway on notice that Plaintiff intended to obtain coverage for her daughter.

Second, Plaintiff cites no authority for her claim that an applicant can excluded requested information in an application simply because she (or her husband) previously had a policy with the same insurer. The Blue Form and the application unambiguously required the names of all household members; the Kennedys chose not to provide the information. Moreover, this was a new contract. After the first contract expired, a new contract was formed with different parties, different terms, different insured property, and different premiums. There is no dispute that the first application identified the children, but there is also no dispute that the agent for the new contract was not aware of the first application, and the new application excluded all reference to the Kennedys' children. *Cf.* AMJUR INSURANCE § 1058 (noting in context of medical coverage that facts disclosed in prior application do not remove insured's "duty on a subsequent application to the same insurer to make full and fair disclosure. The insurer cannot be expected to check all of its files to determine whether the insured was concealing or misrepresenting facts.").

Plaintiff's final argument relies on common principles of contract interpretation. First, she argues that the unambiguous language of the policy provides coverage. She alternatively

argues that if ambiguous, the policy must be interpreted against the insurer. These arguments miss the point because the case turns on concealment/misrepresentation at the contract formation stage rather than interpretation of the contract itself. In other words, because the misrepresentation allows Safeway to rescind the policy as void *ab initio*, it matters not whether the policy could otherwise be interpreted as providing coverage. The body of law addressed above demonstrates that when an insurer binds coverage based on a misrepresentation, it may void the contract. *See Dukes*, 590 F. Supp. at 1168-69.

The Court has specifically addressed the more plausible arguments found in Plaintiff's Response, but it has fully considered, and must reject, all of her contentions.[3] Plaintiff has failed to meet her burden under Rule 56(c).

---

[3]In addition to her arguments, the facts section of Plaintiff's Response includes several averments that Plaintiff never places in the context of a properly supported legal argument. For example, according to Plaintiff, after the forms were complete the sales agent stated that coverage would exist for household members. Plaintiff's Response [79] at 3. Statements from agents can be relevant in certain contexts, such as when the agent takes over the application process. *See, e.g., McCann v. Gulf Nat. Life Ins. Co., Inc.*, 574 So. 2d 654, 657 (Miss. 1990). However, Plaintiff claims that the agent played no role in filling out the application, never gave Mr. Kennedy any advice on how to do so, and never asked if there were children. Defendant's Rebuttal at Ex. "P" (Larry Kennedy Depo. at 96-97). Plus, the application did list another household member (Larry Kennedy). In any event, the Court can do little more than guess at the import of these and other factual averments since neither party addressed them from a legal standpoint. The issues were not, therefore, properly placed before the Court. *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339-340 (5th Cir. 2005); *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 n. 4 (5th Cir. 1996); *FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994); *Frank C. Bailey Enters., Inc. v. Cargill, Inc.*, 582 F.2d 333, 334 (5th Cir. 1978).

**IV.** **Conclusion**

Based on the foregoing, Defendant's motion for summary judgment is granted.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 12th day of January, 2009.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE